UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 06-31-DCR |
| V. | ) ) | |
| DARYL TYRONE ATKINSON, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 18, 2006, Defendant Daryl Tyrone Atkinson was charged with conspiracy to distribute and possession with intent to distribute a controlled substance. The Information filed on March 28, 2012, alleged that Atkinson conspired with others to possess, and did possess with intent to distribute, fifty grams or more of "a mixture or substance containing a detectable amount of cocaine base (crack cocaine)," in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 15, p. 1] According to the judgment and other relevant documents, the underlying events giving rise to Atkinson's conviction and sentence ended on January 8, 2006. [*See* Record No. 30, p. 1] Atkinson was sentenced to a term of imprisonment of 158 months on January 8, 2007. [Record Nos. 27, 30]

By letter dated December 1, 2012, Defendant Atkinson wrote to the Court to inquire about the status of his case in light of the Fair Sentencing Act of 2010. Specifically, Atkinson asks "whether [his] sentence is being considered for reduction under recent amendments to the United States Sentencing Guidelines for cocaine base related offenses." [Record No. 55] In

other words, Atkinson seeks to determine whether the Court would be inclined to apply the 2010 amendments to his case based on the United States Sentencing Commission's view that the amendments should be applied retroactively. The Court notes, however, that the position taken by the Sentencing Commission is contrary to the law of this circuit. The Sixth Circuit has consistently held that the provisions of the Fair Sentencing Act of 2010 do not apply to offenses committed prior to the effective date of the act. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *see United States v. Ruff*, 437 F. App'x 448, 451 (6th Cir. 2011) (unpublished).

Here, the crime that forms the basis for Defendant Atkinson's conviction occurred before the effective date of the Fair Sentencing Act of 2010. Likewise, he was sentenced before the Act became effective. Therefore, the holdings in *Carradine* and *Ruff* foreclose the retroactive application of the Fair Sentencing Act of 2010 to Atkinson's case. Accordingly, it is hereby

**ORDERED** as follows:

1. The Court construes the December 1, 2012 letter from Daryl Tyrone Atkinson as a motion for retroactive application of the Fair Sentencing Act of 2010 to his sentence. That motion is **DENIED**.

2. To the extent that Defendant Atkinson's letter is considered to be a request for any additional information, that request is **DENIED**.

3. The Clerk is directed to forward a copy of this Memorandum Order to Defendant Daryl Tyrone Atkinson at the following mailing address: 10650-032 HB, FCI-Ashland, Post Office Box 6001, Ashland, Kentucky 41105-6001.

This 7th day of December, 2012.

